UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JERIEL ALEXANDER,

            Plaintiff,

-against-

J.P. MORGAN CHASE BANK N.A.,

            Defendant.

19-CV-10811 (CM)

ORDER

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff brings this *pro se* action and seeks leave to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). On November 22, 2019, the Court directed Plaintiff to submit an amended IFP application because, on his initial application, he indicated that he is unemployed and has no resources, expenses, or debts, but he failed to explain how he pays for his living expenses. Plaintiff submitted an amended IFP application on November 27, 2019, that is virtually identical to the original one. Plaintiff asserts that he earned $600 per month when he last worked in "12/18," but answers all remaining questions with either a "No," or a "0." (ECF 1:19-CV-10811, 5.)

## DISCUSSION

Under the IFP statute, 28 U.S.C. § 1915, the Court may allow a litigant to proceed without prepayment of the filing fees, that is IFP, upon a showing that he or she is unable to pay the fees. *See* 28 U.S.C. § 1915(a)(1). The statute "insure[s] that indigent persons have equal access to the judicial system," *Hobbs v. Cnty. of Westchester*, ECF 1:00-CV-8170, 107, 2002 WL 868269, at *1 (S.D.N.Y. May 3, 2002), and courts "have broad discretion to determine whether a litigant has sufficiently demonstrated poverty," *Alli v. Moore*, ECF 1:14-CV-6597, 60, 2015 WL 5821174, at *1 (S.D.N.Y. Sept. 15, 2015) (citations omitted).

Section 1915(e)(2)(A) provides that the Court shall dismiss a case at any time if it determines that "the allegation of poverty is untrue." The purpose of this provision is to "weed out the litigants who falsely understate their net worth in order to obtain [IFP] status when they are not entitled to that status based on their true net worth." *Cuoco v. U.S. Bureau of Prisons*, 328 F. Supp. 2d 463, 467 (S.D.N.Y. 2004) (citations and internal quotation marks omitted). "Dismissal of a case with prejudice, in the context of Section 1915, is a harsh sanction that should be resorted to only in extreme cases." *Choi v. Chem. Bank*, 939 F. Supp. 304, 308 (S.D.N.Y. 1996). A court may dismiss an action under § 1915(e)(2)(A) if a plaintiff intentionally omits his financial information in order to obtain IFP status. *See Cuoco*, 328 F. Supp. 2d at 468 (a person acts in bad faith when he intentionally conceals a source of income in order to obtain IFP status).

Plaintiff submitted both an IFP application and an amended IFP application in which he failed to explain how he supports himself, making it impossible for the Court to determine whether he is unable to pay the filing fees. At this stage, it is unclear whether Plaintiff fails to understand the need to fully explain his financial situation to proceed IFP, or if he is concealing sources of income in order to obtain IFP status.

In light of Plaintiff's *pro se* status, the Court will give him one final opportunity to demonstrate that he is unable to pay the filing fees. *See Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a *pro se* litigant understands what is required of him") (citations omitted). Within thirty days of the date of this order, Plaintiff must either pay the $400.00 in fees or submit a

second amended IFP application. If Plaintiff submits the second amended IFP application, it should be labeled with docket number 19-CV-10811 (CM), and provide facts establishing that he is unable to pay the relevant fees. Plaintiff must answer each question on the second amended IFP application, state all sources of income and all monthly expenses, and describe how he supports himself. If Plaintiff fails to comply with this order the action will be dismissed without prejudice. If the Court grants the second amended IFP application, Plaintiff will be permitted to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a)(1).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff must either pay the $400.00 in fees or submit a second amended IFP application within thirty days from the date of this order. An IFP application is attached for Plaintiff's convenience.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated: December 26, 2019
       New York, New York

                                          COLLEEN McMAHON
                                      Chief United States District Judge