UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

JERIEL ALEXANDER,                           :         Case No. 19-CV-10811 (OTW)

                Plaintiff,                :

   -against-                                       :

JPMORGAN CHASE BANK, N.A.,                  :

                Defendant.                :

---------------------------------------------------------------x

**MEMORANDUM OF LAW OF DEFENDANT
JPMORGAN CHASE BANK, N.A. IN SUPPORT OF
MOTION TO DISMISS AMENDED COMPLAINT**

BECKER, GLYNN, MUFFLY, CHASSIN & HOSINSKI LLP
299 Park Avenue
New York, New York 10171

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES .................................................................................................... ii

PRELIMINARY STATEMENT ...............................................................................................1

PROCEDURAL HISTORY........................................................................................................2

STATEMENT OF FACTS .........................................................................................................3

ARGUMENT ..............................................................................................................................5

I.     STANDARD OF REVIEW ...............................................................................................5

II.    PLAINTIFF'S ADMISSION THAT CHASE'S BRANCH MANAGER COMPLETED PLAINTIFF'S REQUESTED WITHDRAWAL BARS HIS CLAIM UNDER SECTION 1981..............................................................................6

III.   PLAINTIFF'S CLAIMS UNDER TITLE II AND FEDERAL CRIMINAL LAW SHOULD BE DISMISSED BECAUSE PLAINTIFF DID NOT HAVE PERMISSION TO PLEAD THOSE CLAIMS IN HIS AMENDED COMPLAINT, AND NEITHER CLAIM STATES A CAUSE OF ACTION IN ANY EVENT ................8

    A.    PLAINTIFF SHOULD NOT BE PERMITTED TO PLEAD CLAIMS UNDER TITLE II AND 18 U.S.C. § 215 IN THE AMENDED COMPLAINT BECAUSE THEY EXCEED THE SCOPE OF THE COURT'S PERMISSION TO REPLEAD ...............................................................................................8

    B.    THE AMENDED COMPLAINT FAILS TO STATE CLAIMS UNDER TITLE II OR 18 U.S.C. § 215 ........................................................................9

        1.    The Title II Claim Fails Because No Public Accommodation Is Alleged...............................................................................................9

        2.    The Amended Complaint Fails to State a Cause of Action under 18 U.S.C. § 215 Because There Is No Civil Cause of Action for Violations of Federal Criminal Law and the Alleged Conduct Did Not Violate the Statute...................................................................10

CONCLUSION.........................................................................................................................11

## TABLE OF AUTHORITIES

**Cases**   Page

*Andrews v. Fremantlemedia, N.A., Inc.*,
   613 Fed. App'x 67 (2d Cir. 2015) ............................................................................................ 6

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ................................................................................................................ 5

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ................................................................................................................ 5

*Bell v. Jendell*,
   980 F. Supp. 2d 555 (S.D.N.Y. 2013) ..................................................................................... 5

*Bishop v. Toys "R" Us-NY LLC*,
   414 F. Supp. 2d 385 (S.D.N.Y. 2006), *aff'd*, 385 Fed. App'x 38 (2d Cir. 2010) ........................ 6

*Brown v. Murphy*,
   No. 16-CV-0710, 2019 WL 2325777 (S.D.N.Y. May 30, 2019) ............................................... 6

*Conopco, Inc. v. Roll Int'l*,
   231 F.3d 82 (2d Cir. 2000) ...................................................................................................... 5

*Harte v. City of N.Y.*,
   799 Fed. App'x 96 (2d Cir. 2020) ......................................................................................... 5-6

*Marhone v. Cassel*,
   No. 16-CV-4733, 2018 WL 4189518 (S.D.N.Y. Aug. 31, 2018) ............................................. 5

*McCray v. Patrolman N.A. Caparco*,
   761 Fed. App'x 27 (2d Cir. 2019) .......................................................................................... 10

*Nevin v. Citibank, N.A.*,
   107 F. Supp. 2d 333 (S.D.N.Y. 2000) ................................................................................. 6- 7

*Norman v. Campbell*,
   87 Fed. App'x 582 (7th Cir. 2003) ........................................................................................ 10

*Palm Beach Strategic Income, LP v. Salzman*,
   457 Fed. App'x 40 (2d Cir. 2012) ........................................................................................ 8-9

*Portillo v. City of N.Y.*,
   No. 17-CV-6675, 2020 WL 2836435 (S.D.N.Y. Jun. 1, 2020) ............................................... 6

*Staehr v. Hartford Financial Services Group, Inc.*,
  547 F.3d 406 (2d Cir. 2008) ........................................................................................... 5

*Sykes v. Bank of America*,
  723 F.3d 399 (2d Cir. 2013) ........................................................................................... 5

*Tracy v. Freshwater*,
  623 F.3d 90 (2d Cir. 2010) ............................................................................................. 5

*Uppal v. Bank of America*,
  No. 18-CV-3085, 2018 WL 10323035 (S.D.N.Y. May 2, 2018) ................................. 10

*Walker v. Park Ave. Bank*,
  No. 07-CV-2118, 2008 WL 842432 (N.D. Ga. Mar. 28, 2008) ..................................... 7

*Wilson v. Dantas*,
  746 F.3d 530 (2d Cir. 2014) ..................................................................................... 5, 10

*York v. JPMorgan Chase Bank, N.A.*,
  No. CV-18-04039, 2019 WL 3802535 (D. Ariz. Aug. 13, 2019) ............................... 7, 8

Statutes and Rules

18 U.S.C. § 215 ............................................................................................................ passim

18 U.S.C. § 215(a)(2) ......................................................................................................... 10

28 U.S.C. § 1367 .................................................................................................................. 3

42 U.S.C. § 1981 .......................................................................................................... passim

42 U.S.C. § 1981(a) ............................................................................................................. 6

42 U.S.C. § 2000a ........................................................................................................ passim

42 U.S.C. § 2000a(b)(4) ......................................................................................... 9 & n.4, 10

Fed. R. Civ. P. 12(b)(6) .................................................................................................... 1, 5

Defendant JPMorgan Chase Bank, N.A. ("Chase") submits this memorandum of law in support of its motion, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss the Amended Complaint dated filed pro se on April 30, 2021 ("Amended Complaint" or "AC") by plaintiff Jeriel Alexander.

## PRELIMINARY STATEMENT

Like its predecessor, the Amended Complaint seeks $25 million in damages based on a short, allegedly racially motivated, delay in Mr. Alexander's ability to withdraw funds from his account at a Chase branch. Amended Complaint ("AC") [ECF 44]. This Court's order granting Mr. Alexander leave to file an amended complaint provided him with a roadmap for alleging a potential claim for discrimination under 42 U.S.C. § 1981 ("Section 1981"). Mr. Alexander's Amended Complaint declines to follow that map, instead seeking to reassert the same claim under 42 U.S.C. § 2000a ("Title II") that the Court already dismissed with prejudice, and adding in a few factual allegations which, even when taken as true, are inadequate to support a claim for relief under Section 1981. Mr. Alexander also asserts a new claim under a federal criminal statute 18 U.S.C. § 215, prohibiting the solicitation or receipt of bribes by bank employees, which fails to state a claim for relief to a civil litigant, such as Mr. Alexander.

While Chase regrets that Mr. Alexander believes he had a negative experience at Chase (and will, should the case procced, dispute the facts he has alleged), the facts even as he himself alleges them establish that he received the money from his account after a very short delay and suffered no injury. Accordingly, accepting his allegations as true solely for the purposes of this motion, the Court should dismiss the Amended Complaint because Mr. Alexander's allegations continue to fail to meet the legal requirements necessary to obtain relief from Chase under federal law.

## **PROCEDURAL HISTORY**

Mr. Alexander filed this action on November 20, 2019, alleging causes of action (i) for racial discrimination under 42 U.S.C. § 2000a ("Title II"), and (ii) for bribery under New York state law. *See* Complaint dated November 20, 2019 [ECF 2] at 2. Mr. Alexander sought $25,000,000 in damages. *Id.* at 6. On June 25, 2020, Chase moved for an order dismissing the Complaint on the grounds that the Complaint did not state a claim on which relief could be granted. [ECF 27, 28, 29]. Mr. Alexander filed an opposition to Chase's motion on July 14, 2020. [ECF 32]. Chase declined to submit a reply.

On March 18, 2021, the Court[1] granted Chase's motion and dismissed the Title II claim with prejudice. *See* Opinion and Order ("Order") [ECF 42] at 12, 13. The Court determined that Chase could not be liable for the alleged act of discrimination because the bank branch where the incident allegedly occurred was not a "public accommodation" as defined in Title II. Order at 5-6. The Court further determined that dismissal was required because Mr. Alexander sought only monetary damages, which are not available for violations of Title II. *Id.* at 6-7. The Court dismissed the Title II claim "with prejudice," without leave to amend, "because there are no allegations that can qualify banks as places of public accommodation under the statute, and thus any attempt to amend Plaintiff's Title II cause of action would be futile." *Id.* at 12.

However, the Court also granted Mr. Alexander leave to amend his complaint. Order at 12. The Court determined that the factual allegations in the Complaint satisfied some, but not all, of the elements required to state a claim against Chase under 42 U.S.C. § 1981 ("Section 1981"). *Id.* at 7-8. Specifically, while Mr. Alexander's complaint alleged that Chase

---

[1] The parties consented to have Magistrate Judge Wang conduct all proceedings in this action. [ECF 40.]

2

discriminated against him in connection with his withdrawal of funds from his account at a Chase branch in Connecticut in 2018, the Complaint was silent as to what precisely had occurred with respect to Mr. Alexander's attempt to make a withdrawal, whereas to state a claim under Section 1981, Mr. Alexander would need to allege that Chase's allegedly discriminatory conduct had prevented him from completing the transaction.  *Id.* at 8-9.  The Court gave Mr. Alexander permission to file an amended complaint "to allege any additional facts supporting his Section 1981 claim."  *Id.* at 12.

As for Mr. Alexander's bribery claim (as well as any potential state law discrimination claims), the Court determined that its jurisdiction over them could only be based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367, as opposed to diversity jurisdiction as alleged by Mr. Alexander.  Order at 10 & n.7.  The Court exercised its discretion and declined to assert jurisdiction to adjudicate the state law claims (including Chase's motion to dismiss) "*unless Plaintiff can properly allege a Section 1981 claim in an amended complaint.*"  *Id.* at 11 (emphasis in original).

Mr. Alexander filed the Amended Complaint on or about April 30, 2021.  [ECF 44 at 3 (time-stamp of night depository).]  The Amended Complaint alleges that Mr. Alexander's federal rights under Title II and 18 U.S.C. § 215 have been violated.  AC at 2.

### STATEMENT OF FACTS[2]

On March 22, 2018, Mr. Alexander and his sister, Sapphira Alexander, went to a Chase branch in Stratford, Connecticut so that he could withdraw $3,330 from his account there.  AC at 5.[3]  Mr. Alexander approached a teller and requested the withdrawal, entering his PIN

---

[2] All facts in this Statement of Facts are drawn from Mr. Alexander's Amended Complaint, and are assumed to be true solely for purposes of this motion.  Chase does not admit the allegations in the Amended Complaint.
[3] Page references to the Amended Complaint are to the pages as identified in the document, not as stamped by the ECF system.

3

when asked to do so. *Id.* The teller requested Mr. Alexander's driver's license and social security card. *Id.* Mr. Alexander was allegedly told by the teller that she was going to run "a criminal background check." *Id.* After Mr. Alexander had waited ten minutes, the teller allegedly prevented him from making the withdrawal by saying "because you are black, I'm not giving you your money." *Id.*

Mr. Alexander alleges that a manager was summoned solely so that he could file a complaint about the teller. AC at 6, 6A. He further alleges that the manager refused to accept his complaint about the teller and attempted to explain to Mr. Alexander why the teller had denied him service. *Id.* at 6, 6A. However, Mr. Alexander also alleges that, despite the purported refusal to accept his complaint, "Robert [the Chase manager] decided out of his own will to give the money." *Id.* at 6A.

The Amended Complaint alleges that on the same date (March 22, 2018), Mr. Alexander called Chase's corporate office to file a discrimination complaint. AC at 6A. Chase allegedly took his contact information and promised to provide updates on any disciplinary action taken. *Id.* When he did not receive any updates, Mr. Alexander went back to the Chase branch in Stratford for further information. *Id.* Mr. Alexander then received a follow-up phone call from Chase's escalation department stating that Chase does not run criminal background checks on its customers and that no misconduct was found to have occurred. *Id.*

Mr. Alexander further alleges that after that follow-up phone call, he received another phone call from a different Chase employee who asked Mr. Alexander how Chase could avoid being sued for discrimination, and what could Chase give Mr. Alexander. AC at 6B. Mr. Alexander alleges that he refused "any form of bribery," but Chase put money that he did not request into his checking account by reversing overdraft fees. *Id.*

4

**ARGUMENT**

I. **STANDARD OF REVIEW**

"To survive a Rule 12(b)(6) motion to dismiss, the complaint must include 'enough facts to state a claim to relief that is plausible on its face.' A claim will have 'facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Wilson v. Dantas*, 746 F.3d 530, 535 (2d Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The acceptance of allegations as true is limited to strictly factual matter, and a court "is not bound to accept legal conclusions couched as factual allegations" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft*, 556 U.S. at 678 (internal quotations and citation omitted). "Dismissal under Fed. R. Civ. P. 12(b)(6) is appropriate when . . . it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law." *Conopco, Inc. v. Roll Int'l*, 231 F.3d 82, 86 (2d Cir. 2000); *see also Staehr v. Hartford Financial Services Group, Inc.*, 547 F.3d 406, 425 (2d Cir. 2008) (same).

While the complaint of a *pro se* plaintiff should be liberally construed, *Sykes v. Bank of America*, 723 F.3d 399, 403 (2d Cir. 2013); *Tracy v. Freshwater*, 623 F.3d 90, 100-02 (2d Cir. 2010), such liberality is not without limit. "'[T]he liberal treatment afforded to *pro se* litigants does not exempt a *pro se* party from compliance with relevant rules of procedural and substantive law." *Marhone v. Cassel*, No. 16-CV-4733, 2018 WL 4189518, at *4 (S.D.N.Y. Aug. 31, 2018) (quoting *Bell v. Jendell*, 980 F. Supp. 2d 555, 559 (S.D.N.Y. 2013)). Courts routinely dismiss complaints filed by pro se plaintiffs where, as here, they have alleged no plausible right to relief. *See, e.g., Harte v. City of N.Y.*, 799 Fed. App'x 96 (2d Cir. 2020) (affirming dismissal

of *pro se* complaint that "failed to state any plausible, nonfrivolous section 1983, 1985, or 1986 claims"); *Portillo v. City of N.Y.*, No. 17-CV-6675, 2020 WL 2836435, at * 5 (S.D.N.Y. Jun. 1, 2020) ("even construing the pleadings liberally in the *pro se* Plaintiff's favor, Plaintiff fails to state a plausible claim"); *Brown v. Murphy*, No. 16-CV-0710, 2019 WL 2325777, at *4 (S.D.N.Y. May 30, 2019) (dismissing *pro se* complaint that "fails to state a facially plausible claim").

## II. PLAINTIFF'S ADMISSION THAT CHASE'S BRANCH MANAGER COMPLETED PLAINTIFF'S REQUESTED WITHDRAWAL BARS HIS CLAIM UNDER SECTION 1981

Mr. Alexander's admission that his transaction at Chase was completed – the branch manager "g[a]ve [Alexander] the money" (AC at 6A) – is fatal to his Section 1981 claim and requires dismissal of the Amended Complaint.

Section 1981 provides, in relevant part, that "[a]ll persons within the jurisdiction of the United States shall have the same right . . . to make and enforce contracts . . . and to the full and equal benefit of all laws and proceedings." 42 U.S.C. § 1981(a). A plaintiff seeking to state a claim under the statute "must allege: (1) [that he] is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerned one or more of the activities enumerated in the statute." *Andrews v. Fremantlemedia, N.A., Inc.*, 613 Fed. App'x 67, 69 (2d Cir. 2015) (internal quotation omitted).

A complaint fails to state a claim for relief under Section 1981 against a retail establishment when a plaintiff completes the transaction that plaintiff intended. *Bishop v. Toys "R" Us-NY LLC*, 414 F. Supp. 2d 385, 392-93 (S.D.N.Y. 2006) (plaintiff failed to state claim under Section 1981 where plaintiff was able to complete his purchase transaction), *aff'd*, 385 Fed. App'x 38 (2d Cir. 2010); *Nevin v. Citibank, N.A.*, 107 F. Supp. 2d 333, 349 (S.D.N.Y. 2000) (Section 1981 claim against Lord & Taylor dismissed where plaintiff was able to purchase

all items she wanted at that store).  This principle applies to claims against financial institutions as well.  *E.g.*, *York v. JPMorgan Chase Bank, N.A.*, No. CV-18-04039, 2019 WL 3802535, at *3 (D. Ariz. Aug. 13, 2019) (dismissing claim where plaintiff was able to complete requested banking transactions); *Walker v. Park Ave. Bank*, No. 07-CV-2118, 2008 WL 842432, at *3 (N.D. Ga. Mar. 28, 2008) (customer who completed transaction at bank did not state claim under Section 1981); *Nevin*, 107 F. Supp. 2d at 349 (credit card customer failed to state section 1981 claim against Citibank where credit card was honored for transactions).

*York v. JPMorgan Chase Bank*, whose facts closely track Mr. Alexander's allegations, is illustrative.  There, the plaintiff, an African-American female, alleged that she went to the drive-through window at a Chase branch to make payments on her accounts and to make a withdrawal.  Plaintiff informed the teller of the transactions she wanted to make and handed the teller plaintiff's credit card, drivers' license, and a withdrawal slip.  2019 WL 3802535, at *1.  Plaintiff alleged that after approximately 20 minutes, the manager called her inside allegedly to verify her identity.  After asking plaintiff the purpose of her visit to the branch, the manager processed the credit card payments and directed plaintiff to a teller to complete the withdrawal.  The teller refused to process the withdrawal, telling plaintiff to go to another branch.  *Id.*  After the manager again intervened, the teller processed the withdrawal and gave plaintiff the money she requested.  *Id.* at *2.  Plaintiff sued under Section 1981, making the claim against Chase, the manager, and the teller.  Defendants moved to dismiss the complaint for failing to state a claim.

The court held that the plaintiff had failed to satisfy the third element of the Section 1981 claim.  *Id.* at *3.  Because Ms. York was ultimately served and received what she was entitled to under her contract with Chase – the funds that she withdrew – she was not

7

deprived of her interest in her contract with Chase. *Id.* Therefore, notwithstanding the delay and mistreatment that plaintiff alleged, the complaint failed to state a claim under Section 1981. *Id.*

Mr. Alexander's claim in this case fails for the same reason. As stated in the Amended Complaint, the manager at the Chase branch in Stratford, Robert, determined that Chase would process Mr. Alexander's withdrawal and that Mr. Alexander received it. AC at 6A ("Robert decided out of his own will to give the money."). There is no other plausible interpretation of that statement. Mr. Alexander therefore received everything he was entitled to under his contract with Chase, notwithstanding the delay and mistreatment he alleges. The Amended Complaint fails to allege the third element of the Section 1981 cause of action, and, accordingly, should be dismissed with prejudice.

### III. PLAINTIFF'S CLAIMS UNDER TITLE II AND FEDERAL CRIMINAL LAW SHOULD BE DISMISSED BECAUSE PLAINTIFF DID NOT HAVE PERMISSION TO PLEAD THOSE CLAIMS IN HIS AMENDED COMPLAINT, AND NEITHER CLAIM STATES A CAUSE OF ACTION IN ANY EVENT

Mr. Alexander's attempt to replead a claim under Title II and to allege a claim under 18 U.S.C. § 215, a federal criminal statute, should be rejected, and both claims dismissed, for two reasons. **First**, the Order granted permission for Mr. Alexander to file an amended complaint only to allege additional facts to support a Section 1981 claim. **Second**, the Amended Complaint fails to state claims for relief under these statutes.

#### A. PLAINTIFF SHOULD NOT BE PERMITTED TO PLEAD CLAIMS UNDER TITLE II AND 18 U.S.C. § 215 IN THE AMENDED COMPLAINT BECAUSE THEY EXCEED THE SCOPE OF THE COURT'S PERMISSION TO REPLEAD

District Courts are empowered to strike claims in amended pleadings that exceed the scope of the amendment permitted under a previous order. *E.g.*, *Palm Beach Strategic*

*Income, LP v. Salzman*, 457 Fed. App'x 40, 43 (2d Cir. 2012) (affirming dismissal of amended complaint that exceeded "the parameters of the leave that was given to file an amended complaint"). In this case, Mr. Alexander's Title II claim was dismissed with prejudice, and he was granted leave only to attempt to state a Section 1981 claim. Order at 13. Nevertheless, Mr. Alexander has repleaded the Title II claim and added a claim under 18 U.S.C. § 215. For that reason alone, these claims in the Amended Complaint should be dismissed.

### B. THE AMENDED COMPLAINT FAILS TO STATE CLAIMS UNDER TITLE II OR 18 U.S.C. § 215

Even if the Court considers the Title II and Section 215 claims, both fail as a matter of law.

#### 1. The Title II Claim Fails Because No Public Accommodation Is Alleged

Mr. Alexander alleges that the Chase branch "is physically located within/on a retail establishment that has stores selling food for consumption on the premises and other facility like this on the premises." AC at 6. In doing so, Mr. Alexander seeks to bring the Chase branch within the definition of a "public accommodation" under 42 U.S.C. § 2000a(b)(4).[4] But the Amended Complaint alleges no facts that the support any of the conclusions in that new allegation. The Amended Complaint does not identify the retail establishment the Chase branch was located in. Nor does it identify the "stores selling food for consumption" that are allegedly part of the same premises as the Chase branch. The allegations of the Amended Complaint

---

[4] That subsection reads:
> Each of the following establishments which serves the public is a place of public accommodation within the meaning of this subchapter if its operations affect commerce, or if discrimination or segregation by it is supported by State action:
> . . . .
> (4) any establishment (A)(i) which is physically located within the premises of any establishment otherwise covered by this subsection, or (ii) within the premises of which is physically located any such covered establishment, and (B) which holds itself out as serving patrons of such covered establishment.

9

therefore do not contain the "factual content" necessary for the Court to draw a reasonable inference that the Chase branch is a "public accommodation" under 42 U.S.C. § 2000a(b)(4). *See Wilson v. Dantas, supra.* Thus, the conclusory allegations of the Amended Complaint fail to state a claim against Chase. *E.g.*, *McCray v. Patrolman N.A. Caparco*, 761 Fed. App'x 27, 31 (2d Cir. 2019) (affirming dismissal of "conclusory allegations of conspiracy" which failed to "state a plausible claim").

Additionally, the Amended Complaint continues to seek monetary damages for this claim, AC at 6, which are not available under Title II. Order at 6-7. The Title II claim should be therefore dismissed.

> 2. The Amended Complaint Fails to State a Cause of Action under 18 U.S.C. § 215 Because There Is No Civil Cause of Action for Violations of Federal Criminal Law and the Alleged Conduct Did Not Violate the Statute

The Amended Complaint likewise fails to allege a claim under 18 U.S.C. § 215, which is a federal criminal bribery statute. The Amended Complaint expands on the allegations of the original Complaint, alleging that Chase's employee asked Mr. Alexander "what can she give" him in exchange for Mr. Alexander not suing Chase, and that when Mr. Alexander refused to accept it, Chase deposited funds in his account anyway. *Id*. at 6B. Mr. Alexander alleges that this conduct violated 18 U.S.C. § 215(a)(2).

The claim fails because it is blackletter law that civil plaintiffs "may not bring any claims under the federal criminal statutes found in Title 18 of the United States Code." *Uppal v. Bank of America*, No. 18-CV-3085, 2018 WL 10323035, at *2 (S.D.N.Y. May 2, 2018) (citing cases) *accord Norman v. Campbell*, 87 Fed. App'x 582, 584 (7th Cir. 2003) ("Private parties may not pursue claims under federal criminal statutes."). Moreover, the conduct Mr. Alexander alleges does not violate the statute, which by its terms criminalizes the solicitation or acceptance

of a bribe by an employee of a financial institution to *influence the employee's conduct* in a transaction, not the alleged offer of a bribe by an employee of financial institution to influence a non-employee's conduct.[5] Thus, Mr. Alexander's claim under 18 U.S.C. § 215 also fails as a matter of law and should be dismissed.

## CONCLUSION

For the foregoing reasons, Chase respectfully requests that its motion be granted in its entirety and that the Amended Complaint be dismissed with prejudice.

Dated: New York, New York
June 24, 2021

>BECKER, GLYNN, MUFFLY, CHASSIN
>       & HOSINSKI LLP
>
>
>By: *s/Robin L. Alperstein*
>       Robin L. Alperstein
>       Andrea Likwornik Weiss
>       Walter E. Swearingen
>299 Park Avenue, 16th Floor
>New York, New York 10171
>Tel: (212) 888-3033
>ralperstein@beckerglynn.com
>aweiss@beckerglynn.com
>wswearingen@beckerglynn.com
>
>*Attorneys for Defendant*
>*JPMorgan Chase Bank, N.A.*

---

[5] § 215. Receipt of commissions or gifts for procuring loans
(a) Whoever--
(1) . . . .
(2) *as an* officer, director, *employee*, agent, or attorney *of a financial institution*, *corruptly solicits or demands* for the benefit of any person, or corruptly accepts or agrees to accept, *anything of value from any person*, *intending to be influenced* or rewarded in connection with any business or transaction of such institution;
shall be fined [or imprisoned].
(Emphasis added.)

11