**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
                                                            :
  JERIEL ALEXANDER,                                         :
                                                            :
                                     Plaintiff,             :          19-CV-10811 (OTW)
                                                            :
                        -against-                           :          **OPINION & ORDER**
                                                            :
  JP MORGAN CHASE BANK, N.A.,                               :
                                                            :
                                     Defendant.             :
                                                            :
------------------------------------------------------------x

        **ONA T. WANG, United States Magistrate Judge:**

   I.        **Introduction**

        More than two years ago, I dismissed Plaintiff Jeriel Alexander's ("Plaintiff") complaint,

in which he alleged that Defendant JP Morgan Chase Bank ("Chase") discriminated against him

because of his racial identity. (ECF 42 at 1). In that order, I granted Plaintiff leave to file an

amended complaint regarding his claim under 42 U.S.C. § 1981 ("Section 1981"). (ECF 42).

Plaintiff filed his Amended Complaint on May 4, 2021. (ECF 44). Defendant now moves to

dismiss the Amended Complaint. (ECF 49). For the reasons set forth below, Defendant's Motion

to Dismiss is **GRANTED**.

   II.       **Background[1]**

        As previously alleged, Plaintiff sought to withdraw $3,330.00 from his checking account

at a Chase branch in Stratford, Connecticut. (ECF 44 at 5). After requesting multiple forms of

identification, delaying the transaction, and telling Plaintiff that she had "to run [a] criminal

---

[1] Facts are as alleged in Plaintiff's Amended Complaint. (ECF 44). For the purposes of deciding Defendant's motion
to dismiss, the Court will assume that all allegations in Plaintiff's Amended Complaint are true.

background check on me first" to complete the withdrawal, the Chase teller informed Plaintiff

that she would not process the withdrawal "because you are black." (ECF 44 at 5). After

speaking with a branch manager, "Mr. Robert," Plaintiff received the money that he had initially

sought to withdraw. (ECF 44 at 5).

After calling Chase's customer service number to "file a complaint for discrimination of

race, color denied service by teller [sic]," Plaintiff alleges that no investigation or discipline took

place. (ECF 44 at 6; ECF 2 at 6). Plaintiff asserts that Defendant then attempted to "bribe" him

by depositing $116.00 into Plaintiff's account on or around September 20, 2019.[2] Plaintiff

alleges that "Chase made it look natural by covering it up with the reversal of overdraft fees.

However my checking account was in good standing." (ECF 44 at 7).

Plaintiff again brings claims under 42 U.S.C. §2000a, *et seq.* and state law, alleging that

he was "not delayed in service [of/or] treatment but rather denied and prevented services of

equal treatment." (ECF 44 at 8). On June 24, 2021, Chase moved to dismiss the Amended

Complaint, and the motion was fully briefed on August 27, 2021. (*See* ECF Nos. 49, 50, 51, 53,

and 54).

**III.    Analysis**

**A.  Standard of Review**

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), a court must accept the

factual allegations set forth in the complaint as true and draw all reasonable inferences in favor

---

[2] Plaintiff does not identify the date of the "bribery" incident in his Amended Complaint, but did so in the initial complaint. (ECF 2 at 6). This time Plaintiff cites the Bank Bribery Act, 18 U.S.C. 215(A)(2), but the Bank Bribery Act does not grant a private right of action for an alleged violation, nor does Plaintiff state, even with all reasonable inferences drawn in his favor, a violation of the Act.

of the plaintiff. *See, e.g.*, *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009). To survive such a

motion, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its

face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A

claim is facially plausible "when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)

(citing *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955). More specifically, the plaintiff must allege

enough facts to show "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

As relevant here, a court is "obligated to afford a special solicitude to *pro se*

litigants." *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010); *accord Harris v. Mills*, 572 F.3d

66, 72 (2d Cir. 2009). Thus, when considering Plaintiff's submissions, the Court must interpret

them "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*,

470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks omitted). Nevertheless,

"to survive a motion to dismiss, *a pro se* plaintiff must still plead sufficient facts to state a claim

that is plausible on its face." *Chukwueze v. NYCERS*, 891 F. Supp. 2d 443, 450 (S.D.N.Y. Aug. 30,

2012) (internal citation omitted); *see also, e.g.*, *Green v. McLaughlin*, 480 F. App'x 44, 46 (2d Cir.

2012) (summary order) ("[P]*ro se* complaints must contain sufficient factual allegations to meet

the plausibility standard.").

### B.  Federal Discrimination Claims

#### 1.  Title II Claim

I had previously dismissed Plaintiff's Title II claim because a bank is not a place of public

accommodation. *See Alexander v. JP Morgan Chase*, No. 19-CV-10811 (OTW), 2021 WL

1061833, at *2-3 (S.D.N.Y. Mar. 18, 2021); *see also* ECF 42 at 4-7. Additionally, Plaintiff may not

seek damages for a Title II violation, and only has standing to seek injunctive relief upon a

showing of a "real and imminent threat of repeated injury." *Alexander*, 2021 WL 1061833, at

*3. Accordingly, the Title II claim was dismissed **without** leave to amend, but Plaintiff has re-

alleged his Title II claim in the Amended Complaint. (*See* ECF 44 at 2).

### 2. Section 1981 Claim

Plaintiff **was** given leave, however, to amend his Section 1981 claim. Specifically,

Plaintiff was given leave to amend to plead facts that could support an inference that he was

actually prevented from completing the transaction, or at least forced to complete the

transaction on different terms from non-minority customers. While the Amended Complaint

does not cite Section 1981, it does plead additional facts that relate to the third element of the

claim, and so I will construe the Amended Complaint to also plead a Section 1981 claim.

Plaintiff pleads that he was asked for additional identification and subjected to a delay. (ECF

44). In attempting to plead around the fact that he received his withdrawal after Mr. Robert

became involved, Plaintiff asserts in conclusory fashion that "Mr. Robert decided out of his own

will to give the money" only after Plaintiff had complained that the teller had discriminated

against him. (ECF 44 at 6).

Under Section 1981, Plaintiff's contract with Defendant was enforced and performed

when he received the money he sought to withdraw, whether the manager decided "out of his

own will" or was just doing his job when he directed that Plaintiff's transaction be completed.

Other than a conclusory statement that he was "denied equal treatment," Plaintiff does not

plead any facts that he was forced to complete his withdrawal on different terms from non-

minority customers. *See, e.g.*, *Lyons v. Citi Trends, Inc.*, No. 21-CV-8365 (NSR), 2023 WL 1921042, at *3 (S.D.N.Y. Feb. 8, 2023) (black shopper satisfied third prong of Section 1981 claim when pleading that she was forced to check her bags before shopping when white customers were not); *see also Joseph v. New York Yankees P'ship*, No. 00-CV-2275, 2000 WL 1559019, at *3 (S.D.N.Y. Oct. 19, 2000) (denying summary judgment because imposing the "additional condition" of compliance with a dress code enforced only on minority patrons such as plaintiff violates Section 1981).[3]

Here, Plaintiff alleges a twenty-minute delay and being asked to provide identification, and the Amended Complaint adds no more mistreatment or disparate treatment after Mr. Robert was involved. People of different races and in other protected classes have been treated differently based on their status, and experience the world differently because of that status, but Section 1981 affords protection and relief in defined and limited circumstances. Accordingly, Plaintiff has not alleged facts sufficient to satisfy the third element of a Section 1981 claim, and it is **DISMISSED**. Because Plaintiff has amended once, and "nothing in the Amended Complaint suggests that he would be able to state" a valid Section 1981 claim,

---

[3] *See also York v. JPMorgan Chase Bank, Nat'l Ass'n*, No. CV-18-04039-PHX-SPL, 2019 WL 3802535, at *2, *10 (D. Ariz. Aug. 13, 2019) (finding banking customer did not state a Section 1981 claim where customer was ultimately able to withdraw funds because "[a]lthough she alleges delay and mistreatment due to her race, she ultimately received all that she was entitled to under her contractual relationship with Chase"); *cf. Middleton v. Wells Fargo Bank, N.A.*, 474 F. Supp. 3d 1290, 1296-97 (N.D. Ga. July 24, 2020) (finding banking customer stated a Section 1981 claim because "the branch in its entirety—from teller to service manager to branch manager—refused to contract with the plaintiff," forced plaintiff to leave the branch, called the police, and only allowed Plaintiff to return and cash her check once law enforcement deemed it not fraudulent, and therefore plaintiff attempted to contract with the bank on two separate occasions to cash her check, the first of which was "unequivocally" denied); *Watson v. Wells Fargo Bank, N.A.*, No. 8:20-CV-1283-T-60CPT, 2020 WL 7054701, at *2-3 (M.D. Fla. Dec. 2, 2020) (finding banking customer stated a Section 1981 claim where three bank employees, including a branch manager, refused to allow customer to open an account and customer felt "he had no choice but to leave" the branch).

further amendment would be futile. *See Cancel v. New York City Human Resources Admin.*, 527 Fed. Appx. 42, 44 (2d Cir. 2013).

### C.   State Law Claims

Because all of Plaintiff's federal claims are now dismissed with prejudice, I decline to exercise supplemental jurisdiction. Plaintiff's state law claims are **DISMISSED without prejudice** to filing in state court. *See, e.g.*, *Akyar v. TD Bank US Holding Co.*, No. 18-CV-379 (VSB), 2018 WL 4356734, at *5 (S.D.N.Y. Sept. 12, 2018); *see Sosa v. New York City Dep't of Educ.*, 368 F. Supp. 3d 489, 500 (E.D.N.Y. Mar. 25, 2019).

### IV.   Conclusion

For the reasons discussed above, Defendant's motion to dismiss is **GRANTED**. Plaintiff's federal claims, liberally construed to fall under Title II and Section 1981, are **DISMISSED with prejudice**. Plaintiff's state law claims are **DISMISSED without prejudice** to filing in state court.

The Clerk of Court is respectfully directed to close ECF 49, mail a copy of this Opinion to Plaintiff, and note proof of service on the docket.

SO ORDERED.

_s/ Ona T. Wang_

Dated: August 7, 2023
New York, New York

**Ona T. Wang**
United States Magistrate Judge