**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
   JERIEL ALEXANDER,                       :
                                           :
                        Plaintiff,         :         19-CV-10811 (OTW)
                                           :
                -against-                  :         OPINION & ORDER
                                           :
   JP MORGAN CHASE BANK, N.A.,             :
                                           :
                        Defendant.         :
                                           :
------------------------------------------------------------x
```

**ONA T. WANG, United States Magistrate Judge:**

In my August 7, 2023 Opinion & Order, I dismissed with prejudice the federal claims in *pro se* Plaintiff's Amended Complaint. (ECF 44). I declined to exercise supplemental jurisdiction over his state law claims, and dismissed the state law claims without prejudice to his filing in state court. (ECF 65). While the motion to dismiss the Amended Complaint was pending, Plaintiff filed another motion to amend or supplement the original complaint (ECF 2). (ECF 56). On August 21, 2023, I denied Plaintiff's motion to file a Third Amended Complaint. (*See* ECF 66).

On August 30, 2023, Plaintiff filed a motion for reconsideration under Local Rule 6.3. (ECF 67). The docket indicates that it is a reconsideration of ECF 66, denying Plaintiff the opportunity to file an amended or supplemental complaint after his Amended Complaint was dismissed. (*See* docket at entries 67–69). A closer reading of Plaintiff's memorandum of law (ECF 68), indicates that he disagreed with my ruling – at ECF 65 – on the Section 1981 claim, but also that he disagreed with my determination that future amendments would be futile. (ECF 68 at 12–13). For the following reasons, Plaintiff's motion for reconsideration is **DENIED**.

1

I. DISCUSSION

    A. **The Motion for Reconsideration of ECF 65, Dismissing the Amended Complaint, is Untimely.**

Local Rule 6.3 provides that motions for reconsideration must be served within 14 days after the entry of the Court's determination of the motion. For ECF 65, that meant that Plaintiff's motion for reconsideration was due – at the latest – on August 25, 2023. ECF 67, the notice of motion, was dated August 27, 2023, and filed on August 30, 2023.

    B. **The Motion for Reconsideration of ECF 66, Denying Further Amendment or Supplementation, is Denied.**

Motions for reconsideration also require the party seeking reconsideration to "set[] forth concisely the matters or controlling decisions" which the Court overlooked. (Local Civil Rule 6.3). Plaintiff has not done so. Plaintiff's motion to amend or supplement sought to amend ECF 2 to introduce a declaration from Plaintiff's sister that she heard and saw the events that Plaintiff described in his original complaint and his Amended Complaint. Even if the Court could consider "evidence" to support a motion to amend, the declaration does not add facts that were not present in the Amended Complaint. (ECF 44). The motion introduces new facts, however, that conflict with the facts pleaded in the Amended Complaint: specifically, that after being denied or delayed by the teller, "Plaintiff and sister had no other option but to leave Chase branch and call corporation to complaint." (ECF 68 at 13). The Amended Complaint tells a different story: after being told to provide other identification, and waiting 10 minutes, the teller told Plaintiff that she refused to give him his withdrawal, "because you are black, I'm not giving you your money." (ECF 44 at 5). Then Mr. Robert, the manager, "out of his own will," provided Plaintiff with the withdrawal. *Id*. at 5-6. Plaintiff's calls to Chase to complain about the

treatment did not occur, as pleaded in the Amended Complaint, until after Plaintiff had completed his withdrawal. *Id*.

Separately, Plaintiff now asserts that he made "three attempts" to withdraw his money. (*See* ECF 68 at 9, 12–13). The factual assertions and timeline described in ECF 68 even conflict with the proposed third amended complaint, for which reconsideration is sought. In the motion for reconsideration, Plaintiff asserts that the teller denied his request twice – the second time when the manager was present and at which time the manager "mentioned to step out of line," which Plaintiff construed as another denial and a request or demand to leave. (ECF 68 at 9). Plaintiff then walked out of the bank, the manager called him back in to take his money and identification on the counter, and was then told, "[d]on't come back to this branch again[;] go back to your kind and work it out." *Id*. (internal quotations omitted). In the proposed third amended complaint (ECF 56-1), this comment is attributed to the manager after the withdrawal (ECF 56-1 at 7); in the operative Amended Complaint, the manager makes this comment "months" after Plaintiff made his call to complain about his treatment after he sought the withdrawal. (ECF 44 at 6).

II.     CONCLUSION

Accordingly, Plaintiff's motion for reconsideration is **DENIED**.

The Clerk of Court is respectfully directed to close ECF 67, mail a copy of this Opinion & Order to *pro se* Plaintiff, and note proof of service on the docket.

**SO ORDERED.**

Dated: March 20, 2024
New York, New York

                                                */s/ Ona T. Wang*
                                                    **Ona T. Wang**
                                      United States Magistrate Judge