UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
: 
JERIEL ALEXANDER, :
:
Plaintiff, : 19-CV-10811 (OTW)
:
-against- : **ORDER**
:
JP MORGAN CHASE BANK, N.A., :
:
Defendant. :
:
---------------------------------------------------------------x

**ONA T. WANG, United States Magistrate Judge:**

The Court assumes familiarity with the facts of this case. On August 7, 2023, I dismissed with prejudice the federal claims in *pro se* Plaintiff's Amended Complaint (ECF 44), and dismissed the state law claims without prejudice to his filing in state court. (ECF 65). On August 21, 2023, I denied Plaintiff's motion to amend his complaint, finding that further amendment would be futile. (*See* ECF 66). On August 30, 2023, Plaintiff filed a motion for reconsideration under Local Rule 6.3. (ECF 67). In my March 20, 2024, Opinion & Order, I denied Plaintiff's motion for reconsideration of both ECF Nos. 65 and 66. (ECF 71). Plaintiff filed a notice of appeal on April 19, 2024. (ECF 72). Before me is Plaintiff's motion for leave to proceed *in forma pauperis* (IFP) on appeal. (ECF 73; *see also* Fed. R. App. P. 24(a)).

Plaintiff previously moved for IFP status in this case. On November 22, 2019, the Court directed Plaintiff to submit an amended IFP application because, on his initial application, he indicated that he was unemployed and had no resources, expenses, or debts, but he failed to explain how he paid for his living expenses. (ECF 4). After failing several times to amend to correct the deficiencies (*see* ECF Nos. 5, 7, and 9), Judge McMahon dismissed Plaintiff's

1

complaint without prejudice for failure to comply with the Court's orders and directed him to pay the $400 in fees to proceed with this lawsuit. (ECF 10). Plaintiff paid the $400 filing fee on February 18, 2020. (*See* docket). Plaintiff now seeks leave to proceed IFP on appeal. (ECF 73).

For substantially the same reasons as articulated by Judge McMahon, Plaintiff's IFP application is **DENIED without prejudice**. His application lists no income for the past 12 months, no employment history for the past two years, no assets, and no average monthly expenses, listing $0 for all categories, including categories such as "food," "transportation," and "medical and dental expenses." (ECF 73 at 2–6). In response to the question, *Do you expect any major changes to your monthly income or expenses or in your assets or liabilities during the next 12 months?*, Plaintiff indicated "No." *Id*. In response to the question, *Provide any other information that will help explain why you cannot pay the docket fees for your appeal.*, Plaintiff wrote: "Full time student. Production/Film work is slow at the moment. Self-employed. Hoping things pick up." *Id*. Plaintiff has once again failed to explain how he pays for his living expenses, which cannot be $0. As Judge McMahon stated, "[b]ecause Plaintiff fails to provide information on how he pays for his living expenses, the Court is unable to conclude that he does not have sufficient funds to pay the relevant fees for this action." (ECF 4 at 1).

In light of Plaintiff's *pro se* status, the Court will give him one final opportunity to demonstrate that he is unable to pay the filing fees. *See Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to pro se litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a pro se litigant understands what is required of him") (citations omitted). **By**

**Wednesday, July 3, 2024**, Plaintiff may reapply for IFP status, correcting prior deficiencies. Plaintiff must answer each question on the amended IFP application, state all sources of income and all monthly expenses, and describe how he is able to support himself. Plaintiff's failure to reapply for IFP status by Wednesday, July 3, 2024, **will** be deemed as Plaintiff no longer seeking to proceed IFP on appeal.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is respectfully directed to close ECF 73. The Clerk is further respectfully directed to serve a copy of this Order on *pro se* Plaintiff.

**SO ORDERED.**

Dated: June 5, 2024
New York, New York

_/s/ Ona T. Wang_
**Ona T. Wang**
United States Magistrate Judge